UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALANS DIONICIO SERBELLON
PENA,

        Petitioner,

    v.

MARKWAYNE MULLIN, IN
THEIR OFFICIAL CAPACITY AS
SECRETARY OF THE UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY; AND
WARDEN FLORIDA SOFT SIDE
SOUTH, IN HIS OFFICIAL
CAPACITY;

        Respondents,

Case No. 2:26-cv-1206-KCD-DNF

## **ORDER**

Several months ago, the Court ordered Respondents (hereinafter "Government") to provide Petitioner Alans Dionicio Serbellon Pena with an immigration bond hearing. (Doc. 10.) The Government apparently failed to do so. When Pena then moved to enforce the judgment via an emergency motion, the Court gave the Government a final opportunity to explain its non-compliance. (Doc. 11.) The Government was warned that a failure to respond would result in Pena's release. (Doc. 12.) The Court's deadline has come and gone, and the Government has chosen to remain silent.

It is a foundational principle that district courts possess the inherent authority to protect the integrity of their proceedings and enforce compliance with their orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991); *SFR Servs., LLC v. First Protective Ins. Co.*, No. 6:22-CV-1058-WWB-DCI, 2023 WL 8651323, at *1 (M.D. Fla. Oct. 18, 2023). Accordingly, Pena's Emergency Motion to Enforce Habeas Judgment (Doc. 11) and Emergency Motion to Enforce Court Order and for Immediate Release (Doc. 13) are **GRANTED**. The Government is **ORDERED** to release Petitioner Alans Dionicio Serbellon Pena from immigration custody immediately. The Government shall file a notice on the docket confirming compliance with this Order within forty-eight (48) hours.

**ORDERED** in Fort Myers, Florida on June 22, 2026.

Kyle C. Dudek
United States District Judge

2